**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PAMALA HASAN,

                Plaintiff,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY,

                Defendant.

Case No. 10-14043

Senior U.S. District Judge Arthur J. Tarnow
Magistrate Judge R. Steven Whalen

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [21], OVERRULING PLAINTIFF'S OBJECTION [22], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11], AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD [10]**

      Before the Court are Plaintiff's Motion for Summary Judgment [11] and Defendant's Motion for Judgment on the Administrative Record [10]. On March 7, 2012, Magistrate Judge Whalen issued a Report and Recommendation [21] ("R&R") recommending that the Plaintiff's motion be DENIED and that Defendant's motion be GRANTED. Plaintiff filed an Objection [22]. Defendant filed a Response [23].

      The standard of review set forth in Federal Rule of Civil Procedure 72(b) governs this dispositive matter. Fed. R. Civ. P. 72(b). Pursuant to that rule, "[t]he district judge in the case must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* at 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) (2006).

Plaintiff seeks benefits for Long Term Disability ("LTD") benefits pursuant to the Employee Retirement Income Security Act (ERISA). 29 U.S.C. § 1001 *et seq.* Plaintiff raises two main objections to the R&R: 1) that the Magistrate Judge applied the wrong standard of review and 2) that the Magistrate Judge erred in finding that Defendant provided a reasoned explanation for the denial of benefits. *See* Obj. [22]. For the reasons stated below, the Court overrules Plaintiff's objections.

First, Plaintiff argues that the Magistrate Judge erred in applying an "arbitrary and capricious" standard of review. Obj. [22], at 7-9. As the Magistrate Judge stated, the language of the plan is clear. It affords the decision-maker with discretionary authority to determine eligibility for benefits. The Magistrate Judge did not err in applying an "arbitrary and capricious" standard of review. *See McDonald v. W.-S. Life Ins. Co.*, 347 F.3d 161, 168-69 (6th Cir. 2003) (holding that when a plan administrator has discretionary authority to determine eligibility for benefits an "arbitrary and capricious" standard of review is used).

Second, Plaintiff argues that the even under the arbitrary and capricious standard, Defendant failed to provide a reasoned explanation for the denial of benefits. Obj. [22], at 9-13. The Court disagrees. As the Magistrate Judge explained, the potential conflict of interest related to Defendant's relationship with its own consulting physicians was taken into account in the R&R, as was Plaintiff's favorable Social Security Disability decision. Nevertheless, Defendant provided a reasoned explanation for its decision.

**CONCLUSION**

Based on the foregoing analysis, the Court hereby ADOPTS the Report and Recommendation [21] as the findings and conclusions of the Court. Therefore,

IT IS ORDERED that Plaintiff's Objection [22] is OVERRULED and Plaintiff's Motion for Summary Judgment [11] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Judgment on the Administrative Record [10] is GRANTED.

SO ORDERED.

s/Arthur J. Tarnow  
ARTHUR J. TARNOW  
SENIOR U.S. DISTRICT JUDGE

Dated: March 30, 2012